UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELMON MARZETT,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-110-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LIBBY TIGNER, ET AL.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Delmon Marzett ("Marzett") (#303968). Marzett is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. Marzett claims his constitutional rights were violated by Defendants at the River's Correctional Center and the Orleans Parish Jail when he was incarcerated at that those facilities.

I. Background

Marzett complains that he was arrested in New Orleans, but transported to University Medical Center because his knee was swollen and infected following a recent knee surgery. (Doc. 5, p. 4). After treatment at the hospital, Marzett was returned to the Orleans Parish Jail. Because Marzett had a court appearance in Orleans Parish, he was restrained with shackles on his hands and feet, which were connected to a metal box at Marzett's hip. (Doc. 5, p. 4). Marzett was required to walk to the transport van while restrained, despite his knee issues. (Doc. 5, p. 4).

Marzett alleges that he fell while attempting to exit the van at the courthouse. Marzett claims he hit his head on the concrete, rendering him unconscious. (Doc. 5, p. 4). Marzett was transported back to the hospital. According to Marzett, an MRI indicated severe damage to his spine. (Doc. 5, p. 4). Marzett claims that he is still in extreme pain. (Doc. 5, p. 4).

Marzett complains that he made repeated pleas to Orleans Parish Sheriff Gusman for medical treatment, which were ignored. (Doc. 5, p. 4). Marzett was then transferred to River's Correctional Center. (Doc. 5, p. 4).

Marzett claims he began filling out grievances regarding his medical issues upon his arrival at River's Correctional Center. Marzett alleges he was deprived of his diet tray due to a diabetic condition. When he attempted to address the issue, Marzett was allegedly "locked up" for ten days without food or medication. (Doc. 5, p. 5).

Marzett further complains that, when he was transported from River's to New Orleans for a court date, he was restrained on the bus for 22 hours without a bathroom break or food. (Doc. 5, p. 5).

Marzett alleges that, on two occasions, inmates were allowed to have sex with visitors in the visiting room where Marzett visited with his wife. (Doc. 5, p. 5). Marzett complains a female deputy groped his wife. (Doc. 5, p. 5).

Marzett complains that Captain Davis read aloud information from his medical file in front of other prisoners. (Doc. 5, p. 5).

2

Finally, Marzett complains that he received no responses to his grievances. (Doc. 5, p. 5).

## II. Law and Analysis

Marzett names as Defendants Captain Davis and Major Poole, security officers at River's Correctional Center. However, the only allegations involving Defendants Davis or Poole are that they advised Marzett his grievances were on Warden Tigner's desk, and Davis read aloud some personal information from Marzett's medical file. (Doc. 5, p. 4).

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendants Davis and Poole are non-medical personnel, so they could not personally treat Marzett. Marzett does not allege that Defendants Davis and Poole ignored his complaints or wantonly disregarded his serious medical needs. Rather,

Marzett indicates that Defendants Davis and Poole gave Marzett's complaints to the warden, and the warden actually ignored the complaints.

Marzett should amend his complaint to present allegations of deliberate indifference by Defendants Davis and Poole, or dismiss those Defendants from the suit.

III.  Conclusion

Therefore, **IT IS ORDERED** that Marzett amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above. A failure to comply will result in the case being dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge