UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELMON MARZETT,<br>Plaintiff | CIVIL DOCKET NO. 1:18-CV-00110 |
| VERSUS | JUDGE DRELL |
| LIBBY TIGNER, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiff Delmon Marzett ("Marzett") filed a Motion for Extension of Pre-Trial Discovery Deadlines and to Compel Compliance with Discovery Request (ECF No. 42); Motion for Leave to Serve Interrogatories and Admissions (ECF No. 43); a Motion for Leave to File Out of Time Discovery (ECF No. 62); and a Motion to Amend Complaint (ECF No. 63). Marzett also filed a Motion to Re-Serve (ECF No. 56), a Motion for Extension of Time to Serve (ECF No. 58), and an Out of Time Motion for Service of Process (ECF No. 61), all for Defendant Captain Jennifer A. Davis ("Captain Davis").

Because Captain Davis's current residential and work addresses are unknown, Marzett's Motions for service (ECF Nos. 56, 58, 61) are DENIED. Because Marzett's medical records are already in the record, and will not assist the Court, Marzett's Motion to Compel (ECF No. 42) is DENIED AS MOOT. Because Marzett cannot serve interrogatories and admissions on non-parties, his Motion for Leave to Serve Interrogatories and Admissions (ECF No. 43) is DENIED. Because Marzett's Motion for Leave to File Out of Time Discovery (ECF No. 62) is actually a motion for leave to

file his medical records, Marzett's Motion (ECF No. 62) is GRANTED. Finally, because Marzett's Motion to Amend will not prejudice Defendant or delay the case, Marzett's Motion to Amend Complaint (ECF No. 63) is GRANTED.

I. Procedural Background

Before the Court is a verified complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by *pro se* plaintiff Marzett. ECF Nos. 1, 5. The only Defendants remaining in the case are Libby Tigner ("Tigner") (former warden of the River Correctional Center ("RCC") in Ferriday, Louisiana) and Captain Davis (a correctional officer formerly employed at RCC).[1] ECF No. 12. Marzett alleges that, while he was incarcerated in RCC in 2017, Defendants denied him a diabetic diet (medical care), subjected to him to HIPPA violations, retaliated against him, and subjected him to indecent behavior when inmates were permitted to openly have sex in the visitation room. ECF No. 5. Marzett claims Captain Davis placed him in lockdown for ten days, where he lost weight and had diabetic reactions to low blood sugar. ECF No. 10. Marzett seeks compensatory and punitive damages and a jury trial. ECF No. 1.

In a separate Report and Recommendation, the undersigned recommends that Defendant Tigner's Motion for Summary Judgment (ECF No. 49) be granted. The undersigned also recommends that Marzett's complaint against Defendant Davis be

---

[1] Marzett's action against Defendant Major Poole was dismissed with prejudice. ECF No. 12. Marzett's action against Marlin Gusman and the John Doe transportation officers was severed and transferred to the Eastern District of Louisiana. ECF No. 12.

2

dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effect service. Captain Davis has not been located.

II. Motions for Service

Marzett filed a Motion to Re-Serve (ECF No. 56), a Motion for Extension of Time to Serve (ECF No. 58), and an Out of Time Motion for Service of Process (ECF No. 61), all for Captain Davis.

Service was ordered on Captain Davis, but she was never served. ECF No. 24. The service return states that Davis no longer works at RCC, and that the RCC staff do not know her forwarding address or any new place of employment. ECF No. 24. There is no known address for Captain Davis. In his motions to again attempt service on Captain Davis, Marzett has not provided any additional information as to where Captain Davis is currently residing or working. Accordingly,

IT IS ORDERED that Marzett's Motion to Re-Serve Captain Davis (**ECF No. 56**), Motion for Extension of Time to Serve (**ECF No. 58**), and Out of Time Motion for Service of Process (**ECF No. 61**), are DENIED.

III. Discovery Motions

Marzett filed a Motion to Compel and a Motion to Extend Discovery Deadlines (ECF No. 42), as well as a Motion for Leave to Serve Interrogatories and Admissions (ECF No. 43). A hearing on those motions was held on September 10, 2019. ECF No. 55.

Marzett contends Defendants never provided him with a copy of his medical records. Marzett alleges he had medical care for his neck and back while incarcerated

3

in other prisons prior to arriving at RCC, and those medical records were not included in the records filed by Defendants. ECF No. 35.

It does not appear that Defendants filed Marzett's medical records, as ordered by the Court. ECF Nos. 13, 35. However, it appears that Marzett obtained and attached those medical records to his Motion to Submit Out of Time Discovery. ECF No. 62.[2] Accordingly, IT IS ORDERED that Marzett's Motion to Compel (**ECF No. 42**) is DENIED AS MOOT.

Marzett seeks leave to serve interrogatories and requests for admissions on Assistant Warden William T. Savage, Captain Davis, Lt. Maze, Lt. Lathan, and Transportation Officer Doodie (or Doodly). ECF No. 43. Marzett cannot serve non-parties with interrogatories, Fed. R. Civ. P. 33, or requests for admissions, Fed. R. Civ. P. 36. Accordingly, IT IS ORDERED that Marzett's Motion for Leave to Serve Interrogatories and Admissions (**ECF No. 43**) is DENIED.

Marzett filed a Motion for Leave to File Out of Time Discovery.[3] ECF No. 62. However, Marzett actually seeks to file his medical records from other prisons, which are attached. ECF No. 62-1. Accordingly, IT IS ORDERED that Marzett's Motion to

---

[2] Moreover, Marzett's only claim for denial of medical care while he was confined in RCC is that he was denied a diabetic diet by Captain Davis, who was the kitchen supervisor. ECF No. 10 at 2. As discussed above, Captain Davis has never been located and served. Marzett has not alleged that Warden Tigner denied him medical care. Therefore, Marzett's medical records from other prisons will not assist the Court in this action.

[3] Marzett previously filed a Motion for Extension of Pre-Trial Discovery Deadline (ECF No. 42) on which a hearing was held (ECF No. 55). The matter was taken under advisement. ECF No. 55.

4

Submit Out of Time Discovery (ECF No. 62), seeking to file his medical records, is GRANTED. As the medical records are attached, no further action is necessary at this time.

IV. Motion to Amend

Marzett filed a Motion to Amend his Complaint (ECF No. 63) to add the amount of monetary relief he seeks and to state the capacities in which the Defendants are sued.

Once a party has amended as a matter of course, the party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F. 2d 117, 122 (5th Cir. 1980)). Considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F. 2d 1022, 1024 (5th Cir. 1981)).

Marzett seeks only to state the specific amount of monetary relief sought, and the capacity in which Defendants are sued. Allowing such amendment will not

prejudice Defendant or delay the case. Accordingly, IT IS ORDERED that Marzett's Motion to Amend Complaint (**ECF No. 63**) is GRANTED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 14th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE