b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELMON MARZETT, Plaintiff | CIVIL DOCKET NO. 1:18-CV-00110 |
| VERSUS | JUDGE DRELL |
| LIBBY TIGNER, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Warden Libby Tigner ("Warden Tigner") filed a Motion for Summary Judgment. ECF No. 49. Because there are no genuine issues of material fact that preclude a summary judgment, Warden Tigner's Motion for Summary Judgment (ECF No. 49) should be GRANTED.

I. **Procedural Background**

Before the Court is a verified complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by *pro se* plaintiff Delmon Marzett ("Marzett"). ECF Nos. 1, 5. The only Defendants remaining are Warden Tigner (former warden of the River Correctional Center ("RCC") in Ferriday, Louisiana) and Captain Jennifer A. Davis ("Captain Davis") (a correctional officer formerly employed at RCC). ECF No. 12.

Marzett alleges that, while he was incarcerated in RCC in 2017, Captain Davis denied him a diabetic diet (medical care), subjected to him to HIPPA violations, and retaliated against him. ECF No. 5. Marzett claims Captain Davis placed him in lockdown for ten days, where he lost weight and had diabetic reactions to low blood

sugar. ECF No. 10. Marzett seeks compensatory and punitive damages and a jury trial. ECF No. 1.

II. Law and Analysis

    A. Standards governing the Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *See Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

### B. Captain Davis should be dismissed for failure to effect service.

Captain Davis was never served. ECF No. 24. The service return states that Davis no longer works at RCC, and that the RCC staff do not know her forwarding address or of any new place of employment. ECF No. 24. There is no known address for serve on Captain Davis. Accordingly, the complaint against Captain Davis should be dismissed without prejudice for failure to effect service on her, pursuant to Fed. R. Civ. P. 4(m). *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993), *cert. den.*, 510 U.S. 1191 (1994); *Systems Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derosier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

### C. Warden Tigner's Motion for Summary Judgment should be granted.

Marzett contends that, when he was arrested in Orleans Parish in 2017, he had recently undergone knee replacement surgery and was in pain and discomfort. ECF No. 5. As a result, while in New Orleans, he fell, was knocked unconscious, and suffered a spinal injury. ECF No. 5. Marzett alleges that, after he was transferred to RCC, he began "addressing" his medical condition by filing "grievance after grievance" with Warden Tigner. ECF No. 5. Marzett contends he was referred to Captain Davis, who advised him that that Warden Tigner had his complaints. ECF No. 5. Marzett alleges he did not receive responses to his grievances. ECF No. 5. Marzett further contends he was placed in lockdown and denied a diabetic diet by Captain Davis. ECF No. 5.

The doctrine of *respondeat superior*–which makes an employer or supervisor liable for an employee's alleged tort–is unavailable in suits under 42 U.S.C. §1983 against a defendant in her individual capacity. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Brown v. Taylor*, 922 F.3d 235, 245 (5th Cir. 2018). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that cause plaintiff's injury. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. den.*, 508 U.S. 951 (1993); *Thompkins*, 828 F.2d at 303.

In order to establish the personal liability of a certain defendant, a plaintiff must show that a particular defendant's action or inaction was itself a violation of the plaintiff's civil rights. *See Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981) ("It is axiomatic that a plaintiff cannot succeed in a § 1983 action if he fails to demonstrate a causal connection between the state official's alleged wrongful action and his deprivation of life, liberty, or property."); *see also Parratt v. Taylor*, 451 U.S. 527, 537, n.3 (1981); *Coggin v. Longview Independent School Dist.*, 337 F.3d 459, 472-73 (5th Cir. 2003), *cert. den.*, 540 U.S. 1018 (2003).

Marzett does not make any specific allegations against Warden Tigner. Although he contended in his original complaint (ECF No. 1) that she or her husband put him in lockdown for ten days, his amended complaint (ECF No. 10) alleges he was placed in lockdown by Captain Davis.

Warden Tigner submitted an affidavit and a statement of undisputed facts (ECF No. 49) which show that Marzett filed grievances against members of the

Orleans Parish Sheriff's Office. Marzett submitted the grievances to Warden Tigner and she forwarded them to Michael Laughlin of the Orleans Parish Sheriff's Office ("OPSO") by email on May 18, 2017. Warden Tigner further states she received a letter from Marzett inquiring about the grievances, so she sent a second email to Laughlin on October 6, 2017 with Marzett's letter attached. ECF No. 49-3. Those emails are attached to Warden Tigner's affidavit. ECF No. 49-3.

Marzett has not alleged or offered any proof of any act or omission by Warden Tigner that constituted a violation of Marzett's civil rights. Marzett has not alleged that Warden Tigner was directly involved in denying him a diabetic diet. Moreover, Warden Tigner has shown that she forwarded Marzett's grievances to the OPSO two times. Warden Tigner is not responsible for the OPSO's failure to respond.

Marzett also has not alleged or shown any unconstitutional policies implemented by Warden Tigner that deprived him of his constitutional rights.

Because Marzett has not carried his burden of proving there is a genuine issue of material fact that would preclude a summary judgment, Warden Tigner's Motion for Summary Judgment (ECF No. 49) should be granted.

### III. Conclusion

Because there are no genuine issues of material fact that would preclude a summary judgment, IT IS RECOMMENDED that Warden Tigner's motion for summary judgment (ECF No. 49) be GRANTED and Marzett's action against Warden Tigner be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Marzett's complaint against Davis be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) and that the case be closed.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 14th day of January, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE